MALOTT, TREASURER, ETC., *v.* LAPSLEY ET AL.

[No. 13,533.   Filed January 22, 1929.]

*Arthur H. Wolven,* for appellant.
*Embree & Baltzell,* for appellees.

ENLOE, C. J.—This action was brought by the appellees, Elmer and William Lapsley, to enjoin the appellant, as treasurer of Pike county from levying upon and selling certain personal property of appellees, which had been placed upon the tax duplicate of Pike county as omitted property, the tax thereon extended upon the books of the treasurer, and which tax remained unpaid; the property was placed upon the tax duplicate for the year 1925.

The following facts are not disputed.   The appellees, March 1, 1925, were residents of Columbia township, Gibson county, Indiana, and had been such residents for some time previous thereto; the property in question was, by them, given in and listed for taxation in the township in which they resided and they paid the taxes

levied thereon. The property in question, March 1, 1925; was located in Monroe township, Pike county, Indiana, and the question involved in this appeal is whether or not said property is within the first exception to §14050 Burns 1926 (Acts 1919 p. 198, §10). The exception relied upon is as follows: "All goods and chattels situated in some township, town or city other than where the owner resides shall be assessed in the township, town or city where situated, and not elsewhere, if the owner or. person having control thereof hires or occupies a store, mill, dock yard, piling ground, place for sale of property, shop, office, mine, farm, place of storage, manufactory or warehouse therein, for use in connection with such goods and chattels," etc.

Whether the appellees and their said property came within the above exception could only be determined by hearing evidence as to the kind and character of said property, the use to which the same was, at the time, being put, and whether or not the appellees were then and there, in connection with said property, and its use, maintaining any store, mill, dock yard, piling ground, shop, office, mine, farm, place of storage, manufactory, warehouse, or place for sale of said property, within said exception. This was, upon the record, a question of fact for the court. The evidence abundantly supports the decision of the court that the said property was not within any of the statutory exceptions, and the decree enjoining such sale was eminently proper. The court did not err in overruling the motion for a new trial.

Affirmed.